`

En el Tribunal Supremo de Puerto Rico

| IN RE: LCDO. PEDRO A. OTERO FERNANDEZ QUERELLADO | CONDUCTA PROFESIONAL |
|---|---|
| v. | |

Número del Caso: AB-94-0107

Abogados Parte Querellante:

Abogados Parte Querellada: Por Derecho Propio

Abogados Parte Interventora:

Fecha: 6/21/1998

Materia:  Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Pedro A. Otero Fernández          AB-94-107

PER CURIAM

San Juan, Puerto Rico, a 21 de mayo de 1998.

I

El 7 de septiembre de 1994, la señora Jolanda Vélez Pérez presentó una declaración jurada alegando que el 29 de noviembre de 1990, le pagó al Lcdo. Pedro A. Otero Fernández la suma de mil dólares ($1,000.00) en concepto de honorarios y aranceles por el otorgamiento de una escritura pública de división de bienes gananciales y su posterior presentación ante el Registro de la Propiedad. En la declaración jurada se hace constar que, al momento de radicarse la queja, el licenciado Otero Fernández no había cumplido con lo acordado.

El 9 de septiembre de 1994, notificamos al licenciado Otero Fernández sobre la queja instada en su contra y le concedimos diez (10) días para expresar su posición. El 4 de octubre de 1994, el querellado compareció comprometiéndose a presentar la escritura en el Registro de la Propiedad dentro de un término diez (10) días, aunque señaló que el

pago recibido correspondía a los honorarios de abogado por el otorgamiento de la escritura en controversia y no por su presentación ante el Registro de la Propiedad.

Mediante Resolución emitida el 29 de noviembre de 1994, le concedimos al licenciado Otero Fernández treinta (30) días para que nos informara sobre la gestión registral que se había comprometido a realizar. El 8 de diciembre de 1994, el querellado radicó moción informativa señalando haber presentado la escritura ante el Registro de la Propiedad.[1] Acompañó su moción con copia del asiento de presentación.

El 4 de abril de 1995, le concedimos quince (15) días al querellado para que nos informara del resultado de sus gestiones. El 18 de mayo 1995, éste solicitó prórroga por alegadamente haber estado enfermo. El mismo día le concedimos quince (15) días adicionales. El 26 de junio de 1995, le concedimos quince (15) días para informar las gestiones realizadas. El 19 de julio de 1995 el querellado compareció solicitando nuevamente término adicional por haber estado enfermo. El 26 de julio de 1995, tomamos

---

[1]De acuerdo con la moción informativa, el 29 de noviembre de 1994 se presentó la Escritura de División de Bienes Gananciales al Tomo 428, Folio 143, Escritura 10, Asiento 286, Registro de la Propiedad de Bayamón II.

conocimiento y le concedimos treinta (30) días adicionales. El 6 de octubre de 1995, le concedimos quince (15) días para que informara las razones por las que no había cumplido con la resolución del 26 de julio del mismo año, y le apercibimos que de no cumplir sería sancionado. El 25 de octubre de 1995 el licenciado Otero Fernández compareció solicitando término adicional por enfermedad. El 1 de noviembre siguiente le concedimos hasta el 16 de noviembre de 1995 para cumplir. El 16 de noviembre volvió a comparecer informando que luego de inquirir en el Registro sobre el status de la escritura presentada, le informaron que la misma aún no había sido calificada.

El 17 de mayo de 1996 le concedimos quince (15) días al querellado para que informara acerca de sus gestiones. El 31 de julio compareció informando que se había comunicado por teléfono con el Registro y que le informaron que la escritura no sería calificada hasta dentro de dos meses adicionales. El 23 de agosto de 1996 tomamos conocimiento de lo anterior. El 6 de marzo de 1997, le concedimos al licenciado Otero Fernández veinte (20) días para que informara las gestiones realizadas en cumplimiento con nuestra resolución del 29 de noviembre de 1994. Compareció el 31 de marzo de 1997 informando que, luego de inquirir por la escritura ante el Registro le indicaron que la persona encargada no había ido a trabajar. El 18 de septiembre le concedimos al licenciado Otero Fernández quince (15) días para que informara acerca de las gestiones realizadas. Este compareció alegando enfermedad el 17 de octubre de 1997 y solicitando término adicional para comparecer.

El 7 de noviembre de 1997, le concedimos a éste diez (10) días para responder, apercibiéndole que el incumplimiento de la orden acarrearía suspensión indefinida de la profesión. Compareció el 21 de noviembre alegando enfermedad. Señaló en su reacción a la Resolución del 7 de noviembre de 1997, que ha estado hospitalizado y aseguró que en un término de treinta (30) días trataría de cumplir con nuestros requerimientos. Su comparecencia vino acompañada de evidencia

acreditativa de su condición cardíaca y del hecho de haber estado ingresando y egresando del hospital gran parte del año 1997.

El 19 de diciembre de 1997, emitimos resolución concediéndole un término final de treinta (30) días para cumplir con la resolución de 18 de septiembre de 1997[2] y apercibiéndole nuevamente y de forma final, que el incumplimiento con esta orden del Tribunal acarrearía la suspensión indefinida de la profesión.

Al día de hoy, el Lcdo. Otero Fernández no ha cumplido con nuestra última resolución.

II

El Canon IX del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, le impone a los miembros de la clase togada la obligación de observar para con los tribunales una conducta que se caracterice por el mayor respeto. Anteriormente hemos *señalado* que la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos en directa violación al deber de conducta exigido por el referido Canon IX. Véase *In re Claudio Ortíz,* Op. de 8 de noviembre de 1996, 141 D.P.R. ___ (1996), 96 J.T.S. 153; *In re Colón Torres*, Op. de 13 de diciembre de 1991, 129 D.P.R. ___ (1991), 91 J.T.S. 97; *In re Díaz García*, 104 D.P.R. 171 (1975). El claro menosprecio a la autoridad de este Tribunal desplegado por el abogado querellado, agravado por el hecho de que el mismo ocurre dentro de un procedimiento investigador de su conducta profesional, amerita su suspensión.

En *In re Colón Torres*, *supra*, sostuvimos que "[...] la naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales. Su voluntaria desobediencia a ese tipo de comunicación obstaculiza y debilita nuestra función reguladora de la profesión." *Id.* págs. 9068-9069.

---

[2]Esta resolución le ordenaba al licenciado querellado que informara sobre las gestiones realizadas para dar cumplimiento con la resolución del 29 de noviembre de 1994.

Es incuestionable que los deberes inherentes a la práctica de la abogacía, así como de la notaría, exigen una meticulosa atención y obediencia a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos sobre su conducta profesional. A esos efectos, "[t]odos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada". *In re Claudio Ortíz,* supra; *In re Pagán Ayala*, Op. de 9 de junio de 1992, 130 D.P.R. ___ (1992), 92 J.T.S. 71; *In re Bonaparte Rosaly*, Op. de 13 de marzo de 1992, 130 D.P.R ___ (1992), 92 J.T.S. 35; *In re Colón Torres*, supra; *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

En numerosas ocasiones hemos señalado que el incumplimiento con las resoluciones de este Tribunal acarrea la imposición de sanciones disciplinarias severas que pueden culminar en la suspensión. *In re Claudio Ortíz, supra; In re Dizzy Murphy*, Op. del 11 de mayo de 1996, 96 J.T.S. 38; *In re Wilfredo Méndez Matos*, Op. del 8 de mayo de 1995, 95 J.T.S. 65; *In re Jorge Francisco Romany*, Op. del 19 de julio de 1994, 94 J.T.S. 109; *Colegio de Abogados v. Diversé Vergés y Otros*, Op. del 16 de junio de 1994, 137 D.P.R. ____(1994), 94 J.T.S. 97; *In re Pérez Bernabé*, Op. del 19 de mayo de 1993, 134 D.P.R. ___ (1993), 93 J.T.S. 82; *In re Ribas Dominicci y Otros*, Op. del 31 de agosto de 1992, 132 D.P.R. __ (1992), 92 J.T.S. 114; *In re Colón Torres*, supra.

III

El incumplimiento reiterado del licenciado Otero Fernández con las numerosas órdenes emitidas por este Tribunal, en particular con lo dispuesto en la Resolución del 29 de noviembre de 1994, así como su incomparecencia luego de haber sido advertido por segunda ocasión mediante Resolución emitida el 19 de diciembre de 1997, que el incumplimiento con lo ordenado por este Tribunal acarrearía su suspensión, constituyen una violación flagrante a su deber como miembro de la profesión de la abogacía y de la notaría y un insulto grave a la autoridad de este Tribunal, máxime cuando dicho incumplimiento surge

dentro de un procedimiento investigador de su conducta profesional bajo nuestra jurisdicción disciplinaria.

En vista de lo anterior, ordenamos la suspensión temporera del licenciado Pedro A. Otero Fernández del ejercicio del notariado hasta tanto cumpla las Resoluciones dictadas por este Tribunal y hasta que otra cosa disponga este Tribunal.

La obra notarial del licenciado Otero Fernández será incautada por el Alguacil de este Tribunal.

Díctese sentencia conforme a lo aquí dispuesto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Pedro A. Otero Fernández                    AB-94-107

SENTENCIA

San Juan, Puerto Rico, a 21 de mayo de 1998.

En vista de lo señalado en la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, ordenamos la suspensión temporera del Lic. Pedro A. Otero Fernández del ejercicio del notariado hasta tanto cumpla con las resoluciones dictadas por este Tribunal y hasta que otra cosa se disponga.

La obra notarial del licenciado Otero Fernández será incautada por el Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo