En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| LIC. JOSE R. TORRES ZAYAS | CONDUCTA PROFESIONAL |
| V. | 98TSPR161 |

Número del Caso: AB-98-133

Abogados de la Parte Querellante: LIC. MARIA DE LOURDES RODRIGUEZ
OFICIAL INVESTIGADORA
COMISION DE ETICA
COLEGIO DE ABOGADOS

Abogados de la Parte Querellada: POR DERCHO PROPIO

Abogados de la Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 11/30/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. José R. Torres Zayas

AB-98-133

PER CURIAM

San Juan, Puerto Rico, a 30 de noviembre de 1998.

El 5 de junio de 1997, Luz Celenia Martínez Díaz, presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lic. José R. Torres Zayas, mediante la cual le imputaba haber cobrado $1,700.00 por servicios profesionales que no había rendido. El 10 de junio de 1997, la Comisión de Etica Profesional del Colegio de Abogados se dirigió al licenciado Torres Zayas, enviándole copia de la queja aludida, y concediéndole un término de quince (15) días para que reaccionara a dicha queja.

El 15 de julio de 1997, veinte (20) días después de haber transcurrido el término que le había fijado la Comisión de Etica del Colegio de Abogados para contestar, el licenciado Torres Zayas le escribió a dicha Comisión y le solicitó un término

adicional de treinta (30) días para reaccionar a la queja presentada contra él. El 4 de agosto de 1997, la Comisión de Etica Profesional del Colegio, le concedió al licenciado Torres Zayas la prórroga solicitada por él, la cual vencía el 4 de septiembre de 1997.

Transcurrido el término referido sin que el licenciado Torres Zayas hubiese contestado la queja pendiente, el 16 de septiembre de 1997, la Comisión de Etica Profesional del Colegio de Abogados volvió a requerirle al licenciado Torres Zayas que reaccionara a la queja que había sido sometida en su contra. Le concedió un término adicional de diez (10) días para que formulara su posición respecto a las imputaciones de la Sra. Luz Celenia Martínez Díaz. El licenciado Torres Zayas tampoco contestó este segundo requerimiento de la Comisión de Etica Profesional del Colegio.

Transcurrido algún tiempo, el 6 de abril de 1998, la Comisión de Etica Profesional del Colegio de Abogados volvió a dirigirse al licenciado Torres Zayas, requiriéndole que compareciera a una vista a celebrarse en el Colegio el 19 de mayo de 1998 para dilucidar la queja referida, que continuaba pendiente. La vista aludida no se llevó a cabo, ni el licenciado Torres Zayas se expresó de modo alguno respecto a la queja pendiente o a la vista señalada para dilucidarla.

Así las cosas, el 16 de junio de 1998, el Presidente de la Comisión de Etica Profesional del Colegio de Abogados se dirigió una vez más al licenciado Torres Zayas indicándole

que continuaba pendiente la queja presentada en su contra el 5 de junio de 1997, la cual éste no había contestado de modo alguno, a pesar de varios requerimientos de la Comisión de Etica del Colegio, solicitando que contestara.  Se le fijó un período de veinte (20) días para recibir la reacción del licenciado Torres Zayas, y se le apercibió que de no recibir su contestación oportunamente, el asunto se le remitiría al Tribunal Supremo para la acción que se estimase pertinente. El licenciado Torres Zayas tampoco contestó este cuarto requerimiento de la Comisión de Etica Profesional del Colegio de Abogados.

En vista de lo anterior, el 17 de agosto de 1998, el Colegio de Abogados compareció ante nos, relacionó el incumplimiento del licenciado Torres Zayas de los requerimientos de la Comisión de Etica Profesional, y nos solicitó nuestra intervención.  El 28 de agosto de 1998, emitimos una Resolución mediante la cual le concedimos un término de quince (15) días al licenciado Torres Zayas para que contestara los requerimientos hechos por el Colegio de Abogados.  Le indicamos, además, que dentro de ese mismo término debía comparecer ante nos para exponer las razones por las cuales no debía ser sancionado por no atender los requerimientos del Colegio de Abogados.  En dicha Resolución le advertimos al letrado del caso de autos que el incumplimiento con lo ordenado en nuestra Resolución conllevaría ulteriores sanciones disciplinarias.  Dicha

Resolución le fue notificada personalmente y por la vía ordinaria.

Han transcurrido tres (3) meses desde que emitimos la Resolución referida y el licenciado Torres Zayas no ha contestado los requerimientos del Colegio de Abogados. Tampoco ha comparecido ante nos para explicar su conducta impropia. Sencillamente, el licenciado Torres Zayas no ha cumplido con las órdenes de este Tribunal, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I

Reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados a responder a órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. In re: Laborde Freyre, Per Curiam de 13 de febrero de 1998, 144 D.P.R. ____, 98 JTS 15; In re: Manzano Velázquez, Per Curiam de 7 de noviembre de 1997, 144 D.P.R. ___, 97 JTS 135; In re: Escalona Vicenty, Per Curiam de 22 de mayo de 1997, 143 D.P.R. ___, 97 JTS 91; In re: Claudio Ortiz, Per Curiam de 8 de noviembre de 1996, 141 D.P.R. ___, 96 JTS 153; In re: Sepúlveda Negroni, Per Curiam del 25 de

octubre de 1996, 141 D.P.R. ___, 96 JTS 140; In re: Rivera Rivera, Per Curiam de 20 de junio de 1996, 141 D.P.R. ___, 96 JTS 113; Colegio de Abogados v. Diversé Verges y Otros, op. de 16 de junio de 1994, 137 D.P.R. ___, 94 JTS 97; In re: Pérez Bernabé, op. de 19 de mayo de 1993, 133 D.P.R. ___, 93 JTS 82; In re: Ribas Dominicci y Otros, op. de 31 de agosto de 1992, 131 D.P.R. ___, 92 JTS 114.

Por todo lo anterior, se suspende indefinidamente del ejercicio de la abogacía al licenciado Torres Zayas, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lic. José R. Torres Zayas

                                   AB-98-133




                              SENTENCIA



San Juan, Puerto Rico, a 30 de noviembre de 1998.



        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. José R. Torres Zayas, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

        El Alguacil General de este Tribunal deberá incautarse de la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías.

        Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río no intervino.



                         Carmen E. Cruz Rivera
                         Subsecretaria del Tribunal Supremo