AB-1998-124                                          1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re<br>Carmen L. Vega Romero | 99 TSPR 134 |

Número del Caso: AB-1998-124

De la Oficina de Inspección de Notarias:      Lcda. Carmen H. Carlos
                                              Directora

Fecha: 8/25/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Carmen L. Vega Romero                    AB-1998-124

PER CURIAM

San Juan, Puerto Rico, a 25 de agosto de 1999.

I

    El 11 de agosto de 1998, el Sr. David Villanueva Laporte y su hija Alice Miriam Villanueva Asencio (en adelante "los quejosos") presentaron una queja en contra de la Lcda. Carmen L. Vega Romero (en adelante "la abogada"). Alegaron que la abogada fue contratada para otorgar una escritura de compraventa de un apartamento en un residencial público en Mayagüez, para lo cual había que esperar la Autorización de Traspaso de la Administración de Vivienda Pública del Departamento de la Vivienda. Aunque la abogada conocía este requisito, preparó la escritura sin el mismo. Alegan además que,

luego de preparar la escritura, la abogada tenía que preparar una Ratificación de la Compraventa, presentarla ante la Oficina del Síndico de la CRUV y presentar los documentos al Registro de la Propiedad, lo cual no hizo. Los quejosos alegan que han tratado que la abogada corrija esta situación sin éxito alguno.

El 18 de agosto de 1999, la Secretaria de este Tribunal le notificó a la abogada sobre la queja presentada y le concedió un término de diez (10) días para que la contestara. El 17 de septiembre se le notificó nuevamente a la abogada la queja, pero ésta no contestó.

El 8 de enero de 1999, la Secretaria de este Tribunal refirió a la Directora de la Oficina de Inspección de Notarías (en adelante "ODIN") el expediente de la queja para la investigación e informe correspondiente. La ODIN compareció mediante "Moción Informativa" el 26 de marzo de 1999, notificándonos que a pesar de múltiples esfuerzos, no se había podido comunicar con la abogada.

Luego de otras notificaciones de la Secretaria de este Tribunal y de la Directora de la ODIN, la abogada no compareció ante este Tribunal. En vista de ello, el 8 de julio de 1999 emitimos Resolución concediéndole un término de diez (10) días a la abogada para que contestara la queja y expusiera las razones por las cuales no debía ser sancionada por la conducta presentada. Se le apercibió que el incumplimiento con lo ordenado podría conllevar ulteriores sanciones disciplinarias en su contra, sin más citarle ni oírle. Esta Resolución le fue notificada personalmente. A pesar de esta orden, la abogada continúa sin comparecer ante nos.

II

En innumerables ocasiones hemos reiterado que los abogados tienen la obligación de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata

de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. *In re: Torres Zayas*, *Per Curiam* de 30 de noviembre de 1998, 98 T.S.P.R. 161, 99 J.T.S. 3. Esta es una obligación ineludible de todo abogado y la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal no será tolerada. *In re: Capestany Rodríguez*, *Per Curiam* de 30 de junio de 1999, 99 T.S.P.R. 109, 99 J.T.S. 113. De igual forma, hemos preceptuado enérgicamente que la indiferencia de los abogados a responder a nuestras órdenes apareja la imposición de sanciones disciplinarias severas. *In re: Torres Zayas, supra*; *In re: Laborde Freyre*, *Per Curiam* de 13 de febrero de 1998, 144 D.P.R. \_\_\_\_ (1998), 98 J.T.S. 15.

De un análisis del expediente del presente caso, surge que ante los innumerables requerimientos de la ODIN y de este Tribunal, la abogada no ha comparecido, demostrando así un patrón de desidia intolerable.

En vista del obstinado incumplimiento de la Lcda. Carmen L. Vega Romero con las órdenes de la ODIN y de este Tribunal, se decreta su separación indefinida del ejercicio de la abogacía hasta que este Tribunal otra cosa disponga.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial, incluso sello notarial de la Lcda. Carmen L. Vega Romero, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías. Se ordena además que la presente Opinión *Per Curiam* y Sentencia le sea notificada personalmente a ésta por la Oficina del Alguacil General de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Carmen L. Vega Romero              AB-1998-124

SENTENCIA

San Juan, Puerto Rico, a 25 de agosto de 1999.

     Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida del ejercicio de la abogacía de Carmen L. Vega Romero, hasta que este Tribunal otra cosa disponga.

     Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial, incluso sello notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para el trámite correspondiente.

     Lo acordó el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

                      Carmen E. Cruz Rivera
              Subsecretaria del Tribunal Supremo