EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
| Enrique M. Bray Leal | 2000 TSPR 131 |

Número del Caso: AB-1996-0034

Fecha: 28/04/2000

Oficina del Procurador General:

  Lcda. Ivonne Casanova Pelosi
  Procuradora General Auxiliar

Abogado de la Parte Querellada:

  Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

In re:

Enrique M. Bray Leal

AB-96-34

PER CURIAM

San Juan, Puerto Rico, a 28 de abril de 2000

Mediante escrito, de fecha 29 de enero de 1998, la Oficina del Procurador General de Puerto Rico nos informó que, en relación con una queja que contra el abogado Enrique M. Bray Leal había radicado el Sistema Universitario Ana G. Méndez, las partes habían llegado a un acuerdo transaccional, no teniendo dicha institución universitaria interés alguno en proseguir con el trámite de dicha queja. En vista a ello, y no estando afectado interés público alguno, ordenamos el archivo de la queja mediante Resolución del 27 de febrero de 1998.

Habiendo incumplido el Lcdo. Bray Leal el referido acuerdo, y habiendo sido así informada la

Oficina del Procurador General, dicho funcionario hizo múltiples gestiones para comunicarse con dicho abogado, resultando las mismas todas infructuosas. Le ordenamos al Lcdo. Bray Leal, mediante Resolución del 12 de marzo de 1999, que compareciera ante la mencionada Oficina. No lo hizo. Así nos lo informó el Procurador General. Le ordenamos, por segunda ocasión, al Lcdo. Bray Leal que compareciera ante el Procurador General, apercibiéndolo sobre el hecho de que su incumplimiento podría acarrear una suspensión provisional del ejercicio de la profesión; fue notificado <u>personalmente</u> de ello.

Mediante escrito, de fecha 2 de septiembre de 1999, el Lcdo. Bray Leal compareció ante el Tribunal, informando que varios "problemas personales" que confrontaba habían causado su inatención a los requerimientos del Procurador General de Puerto Rico. El día 9 de septiembre de 1999, le concedimos un término final para cumplir con nuestras anteriores Resoluciones. Mediante moción, de fecha 2 de noviembre de 1999, el Procurador General nos informó que el Lcdo. Bray Leal aun no había comparecido a su Oficina. Bajo apercibimiento de la imposición de severas sanciones disciplinarias, el 18 de noviembre de 1999 le concedimos un nuevo término al referido abogado para que compareciera ante el Procurador General, Resolución que no pudo ser notificada personalmente a pesar de las múltiples gestiones realizadas a esos efectos por la Oficina del Alguacil General de este Tribunal en las direcciones conocidas del referido abogado y

brindadas por éste al Tribunal. Mediante moción del 5 de abril de 2000, el Procurador General nos informa que no ha tenido comunicación alguna de parte del Lcdo. Bray Leal.

I

El Lcdo. Bray Leal aparentemente entiende que él no viene en la obligación de cumplir con las órdenes y requerimientos de este Tribunal; en específico, y en lo pertinente, el mencionado abogado aparenta desconocer totalmente la jurisprudencia de este Tribunal a los efectos de que, independientemente de los méritos de la queja que se presente contra un abogado, éste viene en la obligación de obedecer, y responder prontamente a, los requerimientos de este Tribunal y los del Procurador General de Puerto Rico. In re: Ríos Acosta, res. el 19 de mayo de 1997, 143 D.P.R.__ (1997); In re: Otero Fernández, res. el 21 de mayo de 1998, 98 TSPR 60; In re: Quevedo Cordero, res. el 21 de enero de 1999, 99 TSPR 4. En fin, la conducta displicente que ha observado el Lcdo. Bray Leal a lo largo del trámite de este asunto resulta ser evidencia incontrovertible de que éste no interesa seguir ejerciendo la profesión de abogado en esta jurisdicción.

Procede, en consecuencia, decretar la suspensión inmediata e indefinida del ejercicio de la profesión de abogado, y de la notaría, del Lcdo. Bray Leal a partir de la notificación de esta Opinión, y le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios

recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General de Puerto Rico.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial del referido abogado, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enrique M. Bray Leal

AB-96-34

SENTENCIA

San Juan, Puerto Rico, a 28 de abril de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de abogado, y de la notaría, del Lcdo. Enrique Bray Leal, a partir de la notificación de la presente Opinión, y le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del Lcdo. Enrique Bray Leal, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y los Jueces Asociados señora Naveira de Rodón y señor Fuster Berlingeri no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo