RT-1998-3550                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          |                 |
|                                 | 2000 TSPR 167   |
| Carlos M. Mangual López         |                 |

Número del Caso: RT-1998-3550

Fecha: 23/octubre/2000

Oficina de Inspección de Notarías:

                    Lcda. Carmen H. Carlos
                    Directora

Abogado de la Parte Querellada:

                    Por Derecho Propio


Materia: Remisión Tardía

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos M. Mangual López

RT-1998-3550    Certiorari

PER CURIAM

San Juan, Puerto Rico, a 23 de octubre de 2000.

Considerado el repetido incumplimiento del Lcdo. Carlos M. Mangual López con las órdenes de este Tribunal, se le suspende inmediata e indefinidamente del ejercicio de la profesión de abogado.

I

El 13 de noviembre de 1996, el Lcdo. Carlos M. Mangual López envió a la Directora de la Oficina de Inspección de Notarías una notificación sobre el otorgamiento de la  Escritura de Poder número veinte (20). En la notificación, el notario informó que dicha escritura fue otorgada el              11              de              octubre

de 1996. En tres (3) ocasiones la Directora le requirió al Lcdo. Mangual López, sin recibir respuesta alguna, que cumpliera con su obligación de mostrar los hechos y circunstancias que dieron lugar a la remisión tardía de la notificación conforme a lo dispuesto por la Regla 63 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 63, y la Regla 13(c) de este Tribunal, 4 L.P.R.A. Ap. XXI-A R. 13(c).

Mediante Resolución del 30 de junio de 1998 le concedimos al Lcdo. Mangual López un término de veinte (20) días para que cumpliera con tales requerimientos y mostrara causa por la cual no debía sancionársele disciplinariamente. Oportunamente Mangual López compareció ante este Tribunal. Explicó que la escritura número veinte (20) no fue otorgada el 11 de octubre de 1996, como surgía por equivocación de la Notificación de Poder, sino que fue otorgada el 11 de noviembre de 1996 por lo que la notificación fue realizada dentro del plazo legal. A tales efectos, el notario nos manifestó que había enviado una Notificación Enmendada de Poder el 30 de enero de 1997 con la información correcta. No obstante, con esta Notificación Enmendada no acompañó evidencia acreditativa de que la Escritura de Poder número veinte (20) tuviese fecha del 11 de noviembre de 1996.

Posteriormente, mediante comunicación del 27 de octubre de 1998, la Directora de la Oficina de Inspección de Notarías se expresó sobre la comparecencia de Mangual López y nos informó sobre ciertas anomalías encontradas en sus índices mensuales. En síntesis, indicó que en el informe de actividad notarial correspondiente al mes de noviembre no se reportaron escrituras otorgadas. Además, señaló que la última escritura informada en octubre de 1996 era la número dieciocho (18) y que la próxima escritura reportada era la número veintiuno (21), otorgada en diciembre de 1996, por lo que el notario había omitido informar sobre las escrituras diecinueve (19) y veinte (20) de ese año. Por otra parte, nos señaló que el Lcdo. Mangual López había radicado tardíamente el índice correspondiente al mes de septiembre de 1996, razón por la cual se le había devuelto para que lo

radicara con la explicación que exige la Regla 13(c) de este Tribunal, supra, cosa que no había hecho hasta ese momento.

Examinado el informe de la Directora, este Tribunal le ordenó al Lic. Mangual López mediante Resolución del 6 de noviembre de 1998 que, en un término de quince (15) días, sometiera a la Oficina de Inspección de Notarías el índice del mes de septiembre con la explicación correspondiente; que expusiera las razones por las cuales no informó las escrituras número diecinueve (19) y veinte (20) y; que sometiera copia de las mismas.

Transcurrido el término, el 3 de febrero de 1999 solicitamos la comparecencia de las partes para que nos informaran sobre las gestiones realizadas en cumplimiento con la Resolución del 6 de noviembre de 1998. El 9 de marzo de 1999 compareció el Lcdo. Mangual López.  Argumentó que, debido a problemas de salud, no había podido dar cumplimiento a la orden contenida en la Resolución del 6 de noviembre de 1998.  Por otra parte, la Directora informó que, además del incumplimiento con la Resolución de este Tribunal, el Lcdo. Mangual López tampoco había contestado dos requerimientos adicionales cursados por la Oficina de Inspección de Notarías.  El primero de éstos estaba relacionado con un informe de deficiencias realizado por la Inspectora de Protocolos, Norma Acosta de Santiago.  En dicho informe, se encontraron un total de veintidós (22) defectos en los Protocolos del Lcdo. Mangual López correspondientes a los años 1991 al 1994 y 1996.[1]  El segundo requerimiento adicional se refirió a una notificación defectuosa de un Testamento Abierto otorgado en junio de 1998.[2]

---

[1] El informe de la Lcda. Norma Acosta de Santiago, Inspectora de Protocolos, realizado el 23 de noviembre de 1998 señala un (1) defecto en el Protocolo de 1991; tres (3) en el Protocolo de 1992; once (11) en el Protocolo de 1993; dos (2) en el Protocolo de 1994; y cinco (5) en el Protocolo de 1996. Las deficiencias señaladas tienen que ver, entre otras cosas, con faltas de firmas y de iniciales; la utilización de testigos instrumentales en la autorización de un testamento dentro de las prohibiciones que establece la Ley Notarial; y el uso del acta notarial para efectuar correcciones que requieren la comparecencia de las partes en el negocio jurídico. Informe del 10 de marzo de 1999, Exhibit I.

[2] El 26 de junio de 1998 y el 14 de diciembre de 1998 el Lcdo. Mangual López fue notificado de defectos adolecidos por la Notificación sobre Otorgamiento del Testamento Abierto autorizado mediante la escritura número cuatro (4) de 11 de junio de 1998. En la Notificación el notario omitió señalar las circunstancias personales de la testadora y el lugar de

El 29 de marzo de 1999 le concedimos al Lcdo. Mangual López un término adicional de veinte (20) días para cumplir con nuestra Resolución del 6 de noviembre de 1998 y con cualquier otro requerimiento de la Directora.  Le advertimos además, que su incumplimiento con esta Resolución podría conllevar la imposición de sanciones disciplinarias.

No empece esta advertencia, el 27 de abril de 1999, aún sin atender las deficiencias señaladas por la Directora y sin dar cumplimiento a las órdenes de este Tribunal, el Lcdo. Mangual López nos solicitó una prórroga del término de veinte (20) días concedido.  Nuevamente, justificó su incumplimiento con el padecimiento de problemas de salud. Alegó además tener dificultades localizando a los otorgantes de algunas escrituras.

El 19 de mayo de 1999 la Directora compareció ante este Foro mediante Moción Informativa.  Nos indicó que a esa fecha, el Lcdo. Mangual López todavía no había tenido contacto alguno con esa Oficina para atender la situación relativa a la remisión tardía de la notificación de poder. Tampoco se había comunicado para subsanar las faltas señaladas por la Inspectora de Protocolos sobre los Protocolos de 1991 al 1994 y 1996, ni para atender la notificación defectuosa de un Testamento Abierto otorgado en junio de 1998.  Señaló además que, a pesar de los alegados padecimientos de salud, el Lcdo. Mangual López había continuado presentando sus índices notariales con una práctica profesional lo suficientemente activa como para poder cumplir con las órdenes de este Tribunal.

Examinada esta Moción Informativa, el 28 de mayo de 1999 este Tribunal le ordenó al Lcdo. Mangual López que 1) cumpla de inmediato con nuestra Resolución del 6 de noviembre de 1998; 2) coopere al máximo con la Inspectora de Protocolos a cargo de examinar su obra notarial; y, 3) subsane inmediatamente las deficiencias señaladas.  Se le apercibió además, de que su incumplimiento sería causa suficiente para suspenderle provisionalmente de la abogacía.

---

otorgamiento en contravención a lo que disponen las Reglas 59(b) y 62A(3) y (5) del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 59(b) y 62A(3) y (5). Informe del 10 de marzo de 1999, Exhibit II.

Así las cosas, el 17 de mayo de 2000, la Directora de la Oficina de Inspección de Notarías presentó ante este Tribunal un "Informe Suplementario y Solicitud Sobre Ciertos Extremos".  Indicó que, al 25 de junio de 1999, el Lcdo. Mangual López había cumplido con lo relativo a 1) las copias de las escrituras número diecinueve (19) y veinte (20) de 1996; 2) el escrito explicativo sobre la Notificación Enmendada de Poder; y 3) el Índice correspondiente a noviembre de 1996 enmendado, con una carta explicativa. Sin embargo, a la fecha de este Informe Suplementario, el Lcdo. Mangual López sólo había corregido tres (3) de las veintidós (22) deficiencias señaladas en el Informe de la Inspectora de Protocolos relativo a los Protocolos de los años 1991 al 1994 y 1996.  Tampoco había atendido la subsanación de los defectos en la notificación de un Testamento Abierto al Registro de Testamentos.

El 16 de junio de 2000 le concedimos al Lcdo. Mangual López un término de veinte (20) días para que reaccionara al Informe Suplementario de la Directora.  El 13 de julio del presente año el Lcdo. Mangual López solicitó una prórroga de este término.  Vista la solicitud de prórroga, el 18 de julio de 2000 le concedimos un término de treinta (30) días para dar cumplimiento a nuestra Resolución del 16 de junio de 2000.  Pasado estos treinta (30) días sin comunicación alguna, el 1ro de septiembre de 2000 le concedimos un término adicional de diez (10) días, bajo apercibimiento de sanciones disciplinarias, para cumplir con nuestras órdenes.  Al día de hoy, vencido el término, el Lcdo. Mangual López inexplicablemente no ha comparecido ante este Foro.

Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

II

Surge claramente de lo anteriormente expuesto que, a pesar de las repetidas oportunidades que le hemos brindado al Lcdo. Carlos Mangual López para cumplir con nuestros requerimientos, éste ha demostrado un alto grado de dejadez, indiferencia y falta de diligencia.

En innumerables ocasiones hemos reiterado que los abogados tienen la obligación de responder diligentemente a los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías, independientemente de los méritos de los mismos.  In re: Enrique M. Bray Leal, res. el 28 de abril de 2000, 2000 TSPR 131; In re: Rubén Guzmán Bruno, res. el 21 de enero de 2000, 2000 TSPR 22; In re: Nelsa Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192; In re: Carmen L. Vega Romero, res. el 25 de agosto de 1999, 99 TSPR 134; In re: Capestany Rodríguez, res. el 30 de junio de 1999, 99 TSPR 109,; In re: Luis F. Maldonado Rivera, res. el 22 de enero de 1999, 99 TSPR 5.

Igualmente, hemos señalado enérgicamente que la indiferencia de los abogados a responder a nuestras órdenes apareja la imposición de sanciones disciplinarias severas. In re: Nelsa Rodríguez Servera, supra; In re: Torres Zayas, res. el 30 de noviembre de 1998, 98 TSPR 161; In re: Laborde Freyre, res. el 13 de febrero de 1998, 98 TSPR 14.

En fin, la despreocupación observada por Mangual López a lo largo del trámite de este caso es evidencia incontrovertible de que no guarda el más mínimo respeto por los dictámenes de este Tribunal.  Tal actitud tiene un efecto intolerablemente degradante de nuestra función reguladora y demuestra una indiferencia preocupante a los postulados básicos del ordenamiento profesional.  Por tal razón, se suspende inmediata e indefinidamente del ejercicio de la profesión de abogado al Lcdo. Carlos M. Mangual López.

El Lcdo. Mangual López notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados.  Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente.  Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado.  El cumplimiento de estos deberes, deberá

ser notificado también a la Directora de la Oficina de Inspección de Notarías.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos M. Mangual López

RT-1998-3550      Certiorari

SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente, se dicta sentencia y se suspende inmediata e indefinidamente del ejercicio de la profesión de abogado al Lcdo. Carlos M. Mangual López.

Éste notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado. El cumplimiento de estos deberes, deberá ser notificado también a la Directora de la Oficina de Inspección de Notarías.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

– 2 –

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo