AB-97-62                                                                  1

En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| César A. Melecio Morales<br>    Querellado<br><br>    .V | Conducta<br>Profesional<br><br>TSPR-98-11 |

Número del Caso: AB-97-0062

Abogados Parte Demandante: Hon. Carlos Lugo Fiol
 Procurador General

Lcda. Yvonne Casanova Pelosi\
Procuradora General Auxiliar

Abogados Parte Demandada: Por derecho propio

Abogados Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 2/13/1998

Materia:

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. César A. Melecio Morales

AB-97-62

PER CURIAM

San Juan, Puerto Rico a 13 de febrero de 1998

Ante nuestra jurisdicción disciplinaria tenemos a u abogado que en reiteradas ocasiones ha hecho caso omiso nuestros requerimientos en torno a una queja contra é presentada. A continuación exponemos los hechos relevantes a asunto que nos ocupa.

I

El 2 de mayo de 1997, la Sra. María Martínez presentó ant nos una queja contra el Lcdo. César A. Melecio Morales Alegó, en lo pertinente, que solicitó los servicios de licenciado Melecio Morales para que éste la representara en u caso sobre despido ilegal. Le dejó varios documentos.

El licenciado Melecio Morales se comprometió a contestarle sobre la posibilidad de representarla o no en dicha acción. Sin embargo, éste nunca se comunicó con la señora Martínez, a pesar de las gestiones hechas por ella respecto a este asunto.

En atención a la queja presentada, el 12 de mayo de 1997 y de acuerdo a la Regla 14 del Reglamento del Tribunal Supremo, el entonces Secretario de este Tribunal, le cursó al licenciado Melecio Morales una carta certificada con acuse de recibo notificándole sobre la misma. Le concedió el término de diez (10) días para que ofreciera por escrito sus comentarios.

El 29 de mayo de 1997, el Secretario le envió a la mano una segunda comunicación, la cual fue recibida por el licenciado Melecio Morales el 4 de junio. En esta ocasión le concedió diez (10) días adicionales para que ofreciera su versión de los hechos.

En respuesta a esta segunda notificación, el abogado compareció el 16 de junio y en forma algo incoherente y general, indicó que le había informado a la señora Martínez de las varias gestiones no escritas que había realizado respecto a su caso. Solicitó el término adicional de una semana para "someter con mayor claridad [su] posición y cubrir otros aspectos importantes." El 19 de junio el Secretario accedió a lo solicitado y le concedió hasta el 24 de junio. Sin embargo, el abogado no contestó.

El 26 de septiembre de 1997, sin que el licenciado Melecio Morales hubiese aún contestado, le ordenamos al Procurador General que investigara e informara sobre la queja. El 9 de octubre de 1997, la Oficina del Procurador General rindió un informe sobre las alegaciones contra el licenciado Melecio Morales y el azaroso trámite que había ocurrido después de presentada la queja. Entendió que la conducta manifestada por el abogado en cuanto a los requerimientos hechos por este Foro era una censurable, la cual ameritaba ser sancionada.

Así pues, el 17 de octubre le concedimos al licenciado Melecio Morales un plazo de quince (15) días para que expresara su posición en torno al informe del Procurador.

Según consta en el escrito presentado por el Procurador General el 14 de enero de 1998, el licenciado Melecio Morales no cumplió con nuestra orden por lo que nos vimos precisados a emitir una nueva resolución el 19 de diciembre de 1997. En esta nueva resolución, la cual fue notificada el 24 de diciembre, le concedimos un término de veinte (20) días para que compareciera a la Oficina del Procurador General y cooperara con la investigación que se estaba llevando a cabo. Se le apercibió que de no cumplir con lo ordenado, se le impondrían sanciones disciplinarias. Como parece ser su costumbre, el abogado tampoco compareció.

## II

Reiteradamente hemos expresado que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. Después de todo, es su deber responder con diligencia. In re: Pérez Benabe, P.C. de 19 de mayo de 1993; 133 D.P.R.___(1993); 93 JTS 82, 10740; In re: Colón Torres, P.C. de 13 de diciembre de 1991; 129 D.P.R.____ (1991); 91 JTS 97. In re: Alvarez Meléndez, P.C. de 13 de diciembre de 1991; 129 D.P.R.____(1991) 91 JTS 98, 9070.

De igual forma hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re: Nicot Santana, P.C. de 24 de enero de 1992; 129 D.P.R.____ (1992); 92 JTS 4. La indiferencia de un abogado en responder a las órdenes del tribunal Supremo en la esfera disciplinaria acarrea severas sanciones disciplinarias. In re: Sepúlveda Negroni, P.C. de 25 de octubre de

1996; 141 D.P.R.___(1996); 96 JTS 140, 269; In re: Rivera Rivera, P.C. de 20 de junio de 1996; 141 D.P.R.___(1996); 96 JTS 113, 110.

Ciertamente, la desidia y despreocupación manifestada por el licenciado Melecio Morales en cuanto a los requerimientos que le ha hecho este Foro es censurable. Su actitud viola las normas éticas que exigen del abogado un comportamiento estricto con las órdenes de este Tribunal.

### III

En virtud de nuestra facultad disciplinaria y en ausencia de excusa válida oportuna, procede suspender inmediatamente al Lcdo. César A. Melecio Morales del ejercicio de la profesión jurídica hasta que cumpla con nuestra Orden de 19 de diciembre de 1997, y otra cosa disponga este Tribunal.[1]

Se dictará sentencia de conformidad.

---

[1] Surge del Expediente Personal del Lcdo. César A. Melecio Morales, que éste fue suspendido del ejercicio de la notaría el 24 de mayo de 1985, y aún no ha sido reinstalado.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lcdo. César Melecio Morales


AB-97-62




SENTENCIA


San Juan, Puerto Rico a 13 de febrero de 1998


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se decreta la suspensión inmediata del Lcdo. César A. Melecio Morales del ejercicio de la profesión jurídica hasta que cumpla con nuestra Orden de 19 de diciembre de 1997, y otra cosa disponga este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo