CC-1998-880                                          - 1 -

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Francisco Castro Martínez<br>    Peticionario<br><br>    V.<br><br>Sergio Estrada Auto Sales, Inc.<br>    Recurrido | Certiorari<br><br>99 TSPR 143 |

Número del Caso: CC-1998-880

Abogado de la Parte Peticionaria: Lcdo. Víctor L. Olivo Montañez

Abogado de la Parte Recurrida: Lcdo. Edilberto Berrios Dávila

Tribunal de Primera Instancia, Sala Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. José M. Rodríguez Viejo

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Córdova Arone

Fecha: 9/22/1999

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Francisco Castro Martínez

    Demandante-Peticionario

      v.                                   CC-1998-880        Certiorari

Sergio Estrada Auto Sales,
Inc.

    Demandados-Recurridos


Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton


San Juan, Puerto Rico, a 22 de septiembre de 1999.


En el caso de autos el peticionario oportunamente presentó una moción de reconsideración cuestionando una sentencia del Tribunal de Primera Instancia. Como el magistrado que dictó la sentencia objetada estaba disfrutando de su licencia anual de vacaciones, la moción fue referida a otro juez. Este a su vez dictó una orden remitiendo la moción al magistrado que estaba de vacaciones para que la considerara al reintegrarse a sus funciones. La controversia del caso de autos requiere que determinemos si dicha orden tuvo el efecto de interrumpir el término para acudir en revisión ante el Tribunal de Circuito de Apelaciones, conforme a lo dispuesto en la Regla 47 de Procedimiento Civil.

## I.

El 13 de junio de 1997, el peticionario, Francisco Castro Martínez, presentó demanda contra el recurrido, Sergio Estrada Auto Sales, Inc., donde expuso tres causas de acción por reclamación de salarios devengados no pagados y una causa de acción por discrimen laboral. Posteriormente las causas de acción por salarios devengados y no pagados fueron transigidas.

Estando pendiente la causa de acción por discrimen laboral el Lcdo. César A. Melecio, abogado del señor Castro Martínez fue suspendido indefinidamente del ejercicio de la abogacía.[1] Así las cosas el Tribunal de Primera Instancia dictó sentencia parcial aprobando la transacción de las tres causas de acción por salarios devengados y no pagados a la vez que le concedió al señor Castro Martínez un término de 30 días para que compareciera con otra representación legal. Este término vencía el 14 de mayo de 1998. El 1 de junio de 1998 y notificada el 3 de junio de 1998, el tribunal de instancia mediante sentencia dictada por el Juez Rodríguez Viejo, dispuso el archivo, sin perjuicio, de la reclamación de discrimen. El señor Castro Martínez a través de nueva representación legal, presentó moción de reconsideración el 9 de junio, 6 días después de archivada en autos copia de la notificación de la sentencia.

El 11 de junio, 3 días después de haber sido presentada la moción de reconsideración, el Tribunal de Primera Instancia, Sala de San Juan (Hon. Berta Mainardi Peralta) dictó la siguiente orden:

> "Tratándose de una solicitud de reconsideración a sentencia remítase a la consideración del Hon. José Rodríguez Viejo a su reintegro".

---

[1] In re César A. Melecio Morales, res. el 13 de febrero de 1998, 98 TSPR 11.

Esta orden fue notificada a las partes el 12 de junio del 1998. El Hon. José Rodríguez Viejo, juez que dictó la sentencia objeto de la reconsideración, al reintegrarse a sus funciones, después de sus vacaciones, denegó la moción de reconsideración el 3 de julio de 1998. Indicó que denegó la moción por haber sido presentada "transcurrido el término de quince (15) días" que establece la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 47. Esta denegatoria fue notificada el 6 de julio de 1998.

Inconforme, el 21 de julio de 1998 el señor Castro Rodríguez, presentó escrito de apelación ante el Tribunal de Circuito de Apelaciones. El foro apelativo dictó sentencia desestimando el recurso por falta de jurisdicción, estableciendo:

> "Habiéndose archivado en autos copia de la notificación de sentencia el 3 de junio de 1998 y considerando que el término jurisdiccional de 30 días para solicitar la apelación decursó sin haber sido interrumpido, el último día para presentar el recurso de apelación era el 3 de julio de 1998."

De esta sentencia recurre ante nos el señor Castro Martínez, vía *certiorari*. Alega, principalmente, que el Tribunal de Circuito de Apelaciones erró al no tomar en consideración la orden dictada por el Tribunal de Primera Instancia, remitiendo la solicitud de reconsideración al magistrado que dictó la sentencia objetada, a su regreso de vacaciones. Alega el señor Rodríguez que esta orden tuvo el efecto de interrumpir el término para apelar ante el Tribunal de Circuito de Apelaciones.

Ante estos hechos, le concedimos a la parte recurrida, Sergio Estrada Auto Sales, un término de 20 días para que compareciera y mostrara causa por la cual no debíamos revocar la Sentencia recurrida. Transcurrido el término provisto la parte recurrida no ha comparecido. Procedemos a resolver según lo intimado.

## II.

La Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, permite a la parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia presentar una moción de reconsideración de la misma. Hemos reconocido que esta moción es el mecanismo que provee nuestro ordenamiento procesal para que el tribunal sentenciador pueda modificar su fallo. Lagares Pérez v. Estado Libre Asociado de P.R., res. el 23 de diciembre de 1997, 144 D.P.R.__ (1997). Así mismo hemos establecido que "el objetivo principal de una moción de reconsideración es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla." Dávila v. Collazo, 50 D.P.R. 494, 503 (1936). Citado recientemente en Lagares Pérez v. Estado Libre Asociado de P.R., supra.

Sin embargo, por muchos años la moción de reconsideración se utilizó por litigantes perdidosos, para dilatar injustificadamente la ejecución de dictámenes judiciales, ya que del 1904 al 1937 la mera interposición

del recurso interrumpía el término para apelar hasta tanto el tribunal resolviese definitivamente la moción. Para evitar esta situación la normativa que regula la radicación y consideración de la moción de reconsideración fue enmendada en numerosas ocasiones[2]. Los cambios más significativos a la normativa que rige la moción de reconsideración, se reflejan principalmente en la introducción de dos principios: 1) que la interposición del recurso no interrumpiría el término para apelar a no ser que el tribunal considere la moción y 2) que transcurrido cierto número de días sin que el tribunal tomare alguna acción con relación a la moción, la misma se entendería rechazada de plano y el término para apelar nunca habría sido interrumpido. Estos dos principios están presentes en nuestra Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 47, según enmendada, disposición que en estos momentos regula la moción de reconsideración.

La Regla 47 de Procedimiento Civil, *supra*, dispone en lo pertinente:

> "La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez

---

[2]  La moción de reconsideración fue introducida a nuestro ordenamiento procesal en el 1904 al amparo del Art. 140 del Código de Enjuiciamiento Civil. A partir de ese momento la moción de reconsideración ha sufrido varias modificaciones en el 1943, 1958, 1979, 1995, 1996 y 1997. Véase, Lagares Pérez v. Estado Libre Asociado de P.R., *supra*.

> (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recursos de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definiti- vamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

La Regla 47 evidencia la intención de lograr un adecuado balance entre, por un lado, 1) proveer la oportunidad para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución y por otro, 2) evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial. Lagares Pérez v. Estado Libre Asociado de P.R., *supra*.

En el caso de autos la controversia gira en torno a si la orden dictada por el Tribunal de Primera Instancia, remitiendo la moción de reconsideración al magistrado que dictó la sentencia objetada, interrumpió el término para acudir en revisión ante el Tribunal de Circuito de Apelaciones. La Regla 47 expresamente dispone que cuando el tribunal de instancia, dentro del término de diez días a partir de la presentación de la moción, tomare "alguna determinación en su consideración", el término para apelar o presentar un recurso de *certiorari* quedará interrumpido

hasta tanto se archive en autos copia de la notificación resolviendo definitivamente la moción. Por ende, procede examinar si la referida orden del Tribunal de Primera Instancia constituyó "alguna determinación en su consideración."

En ocasiones anteriores hemos tenido oportunidad de analizar el significado de esta frase, así en Rodríguez Rivera v. Autoridad de Carreteras, 110 D.P.R. 184, 187 (1980), dispusimos:

> "Procede, pues, definir qué contempla el acto judicial de tomar 'alguna determinación al considerar la moción'. Es evidente, por disponerlo así la propia regla, que si el tribunal la rechaza con un mero no ha lugar, sin oír a las partes, se considera que la moción fue rechazada de plano. Ahora bien, si señala una vista para oír a las partes, o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión."

Como bien señalamos en aquella ocasión estas actuaciones no "agotan la lista" de determinaciones que tienen el efecto de interrumpir el término para apelar o presentar un recurso de *certiorari*. En el caso de autos con el fin de resolver la controversia ante nos es pertinente examinar el historial de la enmienda aprobada en el 1979 al artículo 47 que introdujo la frase "alguna determinación en su consideración".

La Regla 47 del 1958 antes de aprobarse las enmiendas a las Reglas de Procedimiento Civil en el 1979 leía en lo pertinente:

> "La parte adversamente afectada por una resolución, orden o sentencia podrá dentro del término de diez (10) días desde la notificación

de la resolución o orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El Tribunal dentro de los diez (10) días de haberse presentado dicha moción **deberá rechazarla de plano o señalar vista par oír las partes**. Si la rechazare de plano, el término para apelar o solicitar revisión se considerara como que nunca fue interrumpido. **Si se señalare vista para oír a las partes, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del Tribunal resolviendo definitivamente la moción.** Si el Tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano..."(énfasis nuestro)

Como podrá notarse, la Regla 47 del 1958 no contenía la frase "alguna determinación en su consideración", por el contrario la única actuación que podía llevar a cabo el tribunal de instancia para paralizar el término para apelar o solicitar revisión era señalar una vista para oír a las partes. Precisamente ante esa limitación impuesta por la Regla, el Comité sobre Procedimiento Civil de la Conferencia Judicial de Puerto Rico, en su Informe sobre las Reglas de Procedimiento Civil Propuestas, recomendó los siguientes cambios:

"Consideramos que la primera y tercera oración deben ser enmendadas para contemplar el procedimiento real que siguen las mociones de reconsideración y que el mismo resulte en la más sana administración de justicia. **En primer lugar es incorrecto pensar que las únicas alternativas que tiene un juez cuando se le presenta dicha moción son el rechazarla de plano mediante un no ha lugar o señalar una vista. Muy bien puede declararla con lugar, admitir prueba que rechazó en el juicio, estudiarla mas detenidamente o dirigirse a la parte adversa para que exponga su posición. Ello es sin contar cuando un juez esté**

**de vacaciones, o enfermo y en la moción tiene que intervenir otro juez o este decide referírsela a él, lo cual es normal en el tiempo en que el Tribunal Superior está disfrutando del receso.** Así debe sustituirse el concepto de rechazar de plano de la segunda oración y el de señalamiento de vista para oír las partes debido a que existen otras alternativas." Conferencia Judicial de Puerto Rico, Comité sobre Procedimiento Civil: *Informe sobre las Reglas de Procedimiento Civil Propuestas*, a la pág. 131 (1979). (énfasis nuestro).

Por esta razón el comité sugirió específicamente que se sustituyese la frase "señalare vista para oír las partes" por la frase "tomare alguna determinación en su consideración". La sugerencia fue aprobada y la Regla 47 fue enmendada el 4 de agosto de 1979. La enmienda no tan solo evidencia la intención de flexibilizar el tipo de determinación que puede tomar un tribunal al ser presentado con una moción de reconsideración si no que específicamente interesaba cobijar situaciones como las del caso de autos. Al considerar que tomar "alguna determinación en su consideración" incluía la actuación de remitirle una moción de reconsideración al juez que dictó la sentencia objeto de la reconsideración, cuando éste se encontrara enfermo o de vacaciones, se quiso proteger precisamente el interés que guía la moción, entiéndase, darle una oportunidad al juez que dictó la sentencia o resolución cuya reconsideración se pide, para que enmiende o corrija los errores en que hubiese incurrido al dictarla.

Resolvemos, por lo tanto, que a tenor con la Regla 47 de Procedimiento Civil el término para recurrir ante el Tribunal de Circuito de Apelaciones quedó interrumpido por

la presentación oportuna de la moción de reconsideración, conjuntamente con la acción del Tribunal de Primera Instancia, dentro del término de diez (10) días, de notificarle a las partes que se le remitía la solicitud de reconsideración al juez Rodríguez Viejo. El término de 30 días que establece la Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1, y la Regla 13 (a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 13, para presentar la apelación, en este caso comenzó a decursar a partir del 6 de julio de 1998, fecha en que se archivó en autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Habiéndose presentado la apelación el 21 de julio de 1998, erró el foro apelativo al determinar que carecía de jurisdicción para atender el recurso. Igualmente erró el Tribunal de Instancia al denegar la moción de reconsideración por ésta haberse presentado "transcurrido el término de 15 días que establece la Regla 47 de Procedimiento Civil". Un examen de los autos revela que la moción de reconsideración fue radicada tan solo 6 días después de archivada en autos copia de la notificación y por ende dentro del término jurisdiccional que establece la Regla 47 de Procedimiento Civil.

Por los fundamentos antes expuestos se devuelve el caso al Tribunal de Instancia para que evalúe los méritos de la moción de reconsideración presentada oportunamente por el señor Castro Martínez.

Se dictará la Sentencia correspondiente.


                          FEDERICO HERNANDEZ DENTON
                               Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Castro Martínez

    Demandante-Peticionario

      v.                          CC-1998-880
Certiorari

Sergio Estrada Auto Sales,
Inc.

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Sentencia emitida por el Tribunal de Circuito de Apelaciones.

Se devuelve el caso al Tribunal de Primera Instancia para que proceda a tenor con lo aquí resuelto.

Así lo pronució y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón, inhibida. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Castro Martínez

    Demandante-Peticionario

       v.                                    CC-1998-880          Certiorari

Sergio Estrada Auto Sales,
Inc.

    Demandados-Recurridos


SENTENCIA


San Juan, Puerto Rico, a 22 de septiembre de 1999.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Sentencia emitida por el Tribunal de Circuito de Apelaciones.

Se devuelve el caso al Tribunal de Primera Instancia para que proceda a tenor con lo aquí resuelto.

Así lo pronució y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón, inhibida.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo