EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Nelsa Rodríguez Servera | 99 TSPR 192 |

Número del Caso: TS-4655

Fecha: 10/11/1999

De la Oficina del Procurador General: Lcda: Cynthia Iglesias Quiñones

Abogados de la Parte Querellada: Por Derecho Propio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelsa Rodríguez Servera                    4655

PER CURIAM

San Juan, Puerto Rico, a 10 de noviembre de 1999

Con fecha de 17 de julio de 1997, la licenciada Ada González Vega remitió al Hon. Manuel J. Vera Vera, Juez Administrador del Centro Judicial de Mayagüez, una Moción Informativa en relación con la condición de salud de la licenciada Nelsa Rodríguez Servera. En dicha Moción, la licenciada González Vega "expresó que la salud mental y física de la licenciada Rodríguez Servera no le permitía abandonar su lecho de enferma, por lo que no estaba en condición de atender sus clientes o comparecer a las vistas de los casos señalados". El Hon. Manuel Vera Vera cursó la aludida Moción a este Tribunal para que se tomaran las acciones pertinentes.

Por ello, emitimos Resolución remitiendo el asunto al Procurador General para que efectuara la

investigación correspondiente.

Ante la resolución de este Tribunal, la Oficina del Procurador General le envió una carta a la licenciada Rodríguez Servera con copia de la Moción Informativa y de la carta suscrita por el Hon. Manuel Vera Vera. Sin embargo, la misma fue devuelta por el correo por no haber sido reclamada por la licenciada Rodríguez Servera. Ante los infructuosos intentos para comunicarse por correo certificado con la abogada, la Procuradora General Auxiliar, Lcda. Cynthia Iglesias Quiñones, le visitó personalmente en su residencia. La licenciada Rodríguez Servera no se encontraba confinada en cama y contestó satisfactoriamente todas las preguntas de la señora Procuradora. Le indicó a dicha funcionaria que se estaba recuperando de una caída por la cual estuvo diez (10) días recluida en un hospital. Aceptó que padecía de una depresión y que, por ello, no estaba atendiendo casos. La Procuradora General Auxiliar le solicitó que se expresara por escrito y que presentara una certificación actualizada de su condición de salud mental y física. Sin embargo, nada hizo la licenciada Rodríguez Servera en cuanto a dicha solicitud.

Debido a la inacción de la abogada, la mencionada Procuradora General Auxiliar visitó nuevamente la residencia de la licenciada Rodríguez Servera. Esta le informó que estaba ejerciendo la profesión con oficina en su casa. Posteriormente dicha funcionaria le envió tres cartas, sin que fueran devueltas, concediéndole término para que se expresara por escrito en torno a la Moción Informativa suscrita por la licenciada González Vega y en cuanto a su condición de salud. No se obtuvo respuesta alguna de la licenciada Rodríguez Servera a ninguna de dichas cartas.

El Procurador General solicitó nuestra intervención y, el 28 de mayo de 1999, emitimos Resolución concediéndole un término a la licenciada Rodríguez Servera para que contestara los requerimientos del Procurador General y para que reaccionara al Informe por él presentado. Asimismo, le apercibimos que el incumplimiento con nuestra Orden podría conllevar

sanciones disciplinarias en su contra. Dicha Resolución fue notificada personalmente a la abogada.

El término concedido a la licenciada Rodríguez Servera venció hace más de tres (3) meses y ésta no ha comparecido ante el Procurador General, ni ha solicitado prórroga. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

Reiteradamente hemos expresado que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal. In re: Negrón Negrón, res. el 30 de octubre de 1998, 98 TSPR 145; In re: Guemárez Santiago, res. el 30 de junio de 1998, 98 TSPR 102. Después de todo, es su deber responder con diligencia. In re: Negrón Negrón, supra; In re: Pérez Bernabé, res. el 19 de mayo de 1993, 134 D.P.R. ___(1993); In re: Colón Torres, res. el 13 de diciembre de 1991, 129 D.P.R. 490 (1991).

De igual forma, hemos sido energéticos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re: Nicot Santana, res. el 24 de enero de 1992, 130 D.P.R. 210 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. In re: Sepúlveda Negroni, res. el 25 de octubre de 1996, 141 D.P.R. __ (1996); In re: Melecio Morales, res. el 13 de febrero de 1998, 98 TSPR 11.

Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias. In re: Madera Acosta, res el 19 de diciembre de 1997, 144 D.P.R. ___ (1997); In re: Negrón Negrón, supra. La desatención y el craso incumplimiento de la licenciada Rodríguez Servera con la Orden de este Tribunal y con los requerimientos del Procurador General revela un alto grado de indiferencia por parte de la misma hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria.

Por las razones antes expuestas, se dictará sentencia suspendiendo indefinidamente a la licenciada Rodríguez Servera del ejercicio de la abogacía.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelsa Rodríguez Servera          4655

SENTENCIA

San Juan, Puerto Rico, a 10 de noviembre de 1999

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se suspende inmediatamente e indefinidamente a la Lcda. Nelsa Rodríguez Servera del ejercicio de la abogacía.

El Alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo