EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
|---|---|
| Jorge Gordon Menéndez | 2000 TSPR 23 |

Número del Caso: AB-1998-0110

Fecha: 21/01/2000

De la Oficina del Procurador General: Cynthia Iglesias Quiñones
                                      Procuradora General Auxiliar

Abogados de la Parte Querellada:      Lcdo. Eduardo Rene Estades

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Gordon Menéndez                 AB-98-110          CONDUCTA
                                                         PROFESIONAL

PER CURIAM

San Juan, Puerto Rico, a 21 de enero de 2000

Contra el matrimonio compuesto por el Sr. Luis Antonio Vega Toledo y la Sra. Mayra Angélica Díaz Torres fue radicada una demanda, sobre ejecución de hipoteca, ante la Sala Superior de Bayamón del Tribunal de Primera Instancia el día 13 de febrero de 1995, siendo emplazados los referidos demandados al otro día, esto es, el día 14 de febrero de 1995.

Inmediatamente luego de ser emplazados, el matrimonio Vega Díaz contrató los servicios profesionales del Lcdo. Jorge Gordon Menéndez, recibiendo dicho abogado de los demandados la suma de $2,500.00 por concepto de honorarios de abogado. El Lcdo. Gordon Menéndez no contestó la demanda en el término que para ello proveen las Reglas de

Procedimiento Civil. Radicada por la parte demandante la correspondiente solicitud de anotación de rebeldía, el Lcdo. Gordon Menéndez no se opuso a la misma. El tribunal de instancia ordenó la anotación de rebeldía con fecha de 6 de junio de 1995. El Lcdo. Gordon Menéndez compareció, por primera vez, en defensa de los intereses de sus clientes el día 20 de junio de 1995; ello en solicitud de que se dejara sin efecto la mencionada anotación de rebeldía. El tribunal de instancia, luego de declarar sin lugar la solicitud del abogado, dictó sentencia en rebeldía contra los clientes del Lcdo. Gordon Menéndez el día 14 de julio de 1995.[1]

En vista a estos hechos, los esposos Vega-Díaz se quejaron ante este Tribunal de la conducta observada por el Lcdo. Gordon Menéndez. Referimos la queja presentada a la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe.[2] El referido funcionario, mediante escrito de fecha 20 de abril de 1999, nos informó, en lo pertinente, que de la investigación preliminar que realizara se desprendía una posible infracción a las disposiciones del Canon 18 de Etica Profesional de parte del Lcdo. Gordon Menéndez; informándonos, además, que no habían podido finalizar dicha

---

[1] Dicha sentencia fue objeto de un recurso de apelación ante el Tribunal de Circuito de Apelaciones, el cual confirmó la misma mediante sentencia de fecha 31 de julio de 1997.

[2] Resulta procedente señalar que referimos el asunto a la Oficina del Procurador General de Puerto Rico en vista del hecho de que el Lcdo. Gordon Menéndez hizo caso omiso de dos oportunidades que le fueron concedidas por el Tribunal para expresarse respecto a la queja presentada.

<u>investigación en vista del hecho de que el abogado había hecho caso omiso de sus requerimientos</u>.

A la luz de dicha información, le concedimos término al Lcdo. Gordon Menéndez para que compareciera y expusiera su posición al respecto; resolución que le fue notificada personalmente al abogado por la Oficina del Alguacil de este Tribunal. En esta ocasión, compareció el Lcdo. Gordon Menéndez representado por abogado, en solicitud de término para comparecer ante la Oficina del Procurador General de Puerto Rico.

El Procurador General presentó su Informe con fecha de 17 de agosto de 1999. En el mismo nos informa que, en su opinión, el Lcdo. Gordon Menéndez violó las disposiciones del mencionado Canon 18 al representar, en forma negligente, a sus clientes en el asunto que les fuera encomendado por éstos. Le concedimos término al abogado para que expusiera su posición sobre el mencionado Informe.

En su comparecencia, el Lcdo. Gordon Menéndez acepta haber sido negligente en la tramitación del caso que le fuera encomendado por el matrimonio Vega-Díaz; expresa que, como consecuencia de ello, se "...somete con humildad a la sabia caridad y justicia de este Honorable Tribunal,..."; y, por último, informó estar en disposición de devolverle al matrimonio Vega-Díaz la suma de $2,500.00 que les cobró por concepto de honorarios de abogado, <u>lo cual ha hecho</u>.

I

El Canon 26 de los de Etica Profesional establece, en lo pertinente, que "ningún abogado está obligado a representar a determinado cliente y es su derecho a aceptar o rechazar una representación profesional". Ahora bien, una vez un abogado decide aceptar representar y defender los intereses de un cliente en particular, el abogado debe, y tiene, que mantener bien presente y claro lo dispuesto por el Canon 18 de Etica Profesional, a los efectos de que:

> "Será impropio de un abogado asumir un representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje los gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente desplegando en cada caso su más profundo sabe y habilidad y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable."

En el presente caso no está en controversia el hecho de que el abogado querellado fue extremadamente negligente en el descargo de sus responsabilidades profesionales. El hecho de que éste haya devuelto los honorarios que les cobrara a sus clientes, aún cuando ciertamente un atenuante, no lo exime de la infracción ética en que incurrió. Por otro lado, el Lcdo. Gordon Menéndez actuó en forma displicente en la tramitación de la queja contra él presentada, haciendo caso omiso no sólo de los requerimientos de este Tribunal sino que de los de la

Oficina del Procurador General de Puerto Rico. <u>In re: Lcdo.</u> <u>César A. Melecio Morales</u>, res. 13 de febrero de 1998, 98 TSPR 11.

En vista a ello, somos de la opinión que resulta adecuado y procedente decretar la suspensión de la práctica de la profesión de abogado del Lcdo. Jorge Gordon Menéndez por un término de sesenta (60) días, contado el mismo a partir de la fecha en que la presente Opinión Per Curiam, y Sentencia, advenga final y firme.[3]

Se dictará Sentencia de conformidad.

---

[3] El abogado Gordon Menéndez no está autorizado a ejercer la notaría en Puerto Rico.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Gordon Menéndez        AB-98-110      CONDUCTA
                                               PROFESIONAL

## SENTENCIA

San Juan, Puerto Rico a 21 de enero de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo al abogado Jorge Gordon Menéndez de la práctica de la abogacía por el término de sesenta (60) días, contado el mismo a partir de la fecha en que esta Sentencia advenga final y firme.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton no intervino.


                           Isabel Llompart Zeno
                           Secretaria del Tribunal Supremo