EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE: | |
|---|---|
| JOSE M. ROSADO MARTINEZ QUERELLADO | Queja 2000 TSPR 77 |

Número del Caso: AB-1999-102

Fecha: 27/03/2000

Abogados de la Parte Querellante: LCDA. IVONNE CASANOVA PELOSI
PROCURADORA GENERAL AUXILIAR

Abogados de la Parte Querellada: POR DERECHO PROPIO

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José M. Rosado Martínez          AB-1999-102


PER CURIAM

San Juan, Puerto Rico, a 27 de marzo de 2000.

El 25 de mayo de 1995 la Sra. Bethzaida Resto Quiñones, en adelante la quejosa, presentó una querella contra el Lcdo. José M. Rosado Martínez, en adelante el querellado, ante la Oficina del Procurador General, por la alegada negligencia del querellado en la tramitación de un caso, en el cual finalmente recayó sentencia contra la quejosa.[1]

Debido a que del expediente surgía la posibilidad de que el querellado le fuese

_____

[1] Los hechos se desprenden del Informe del Procurador General de 10 de septiembre de 1999.

responsable en daños a la quejosa, el Procurador General se comunicó con ésta para indagar sobre el particular. Mediante carta de 14 de febrero de 1996, la quejosa le indicó que había incoado una acción en daños contra el querellado.[2] El Procurador General se comunicó con el querellado, quien, mediante carta de 4 de abril de 1996, admitió su falta de diligencia para con la quejosa.

Así las cosas, el querellado presentó ante el Procurador General copia de la estipulación aprobada por el tribunal a la que llegó con la quejosa. El querellado otorgó un pagaré personal por la suma de $10,000 a ser pagados a la quejosa en el término de un (1) año de haberse firmado el acuerdo.[3] El Procurador General, en vista de ello, archivó administrativamente la queja.

Durante el mes de julio de 1999, la quejosa le participó al Procurador General que el querellado no había cumplido con la estipulación. Por tal razón, el Procurador General se comunicó con el querellado, quien le informó que estaba realizando las gestiones para cumplir con lo estipulado. Ante esta situación, el Procurador General le concedió hasta el 31 de julio de 1999 para que le informara sobre el particular. Debido a que no compareció, el Procurador General, mediante carta de 3 de agosto de 1999, le concedió un término de cinco días, contados a partir del recibo de la

---

[2] Caso Núm. 95-709 ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

[3] La suma devengaba un interés de diez porciento (10%) anual.

misma, para que expusiera su posición. Además, le apercibió que de no recibir su posición dentro del término sometería un informe sobre los méritos de la queja.

El Procurador General presentó su informe ante nos el 10 de septiembre de 1999 ya que el querellado no compareció. Por tal razón, el 29 de septiembre de 1999, emitimos resolución concediéndole al querellado un término de veinte (20) días, a partir de la notificación de la resolución, para que expusiera su posición en cuanto al informe. Además, le apercibimos de que su incumplimiento podría conllevar la suspensión al ejercicio de la abogacía. Según surge del expediente, el querellado fue notificado personalmente de la resolución el 27 de enero de 2000. El término concedido venció el 16 de febrero de 2000, sin que el querellado haya cumplido con nuestra resolución.

I

Es precepto ampliamente conocido y reiterado que los abogados tienen la obligación inexcusable de responder diligentemente a las órdenes de este Tribunal, independientemente de los méritos de la queja presentada. *In re: Guzmán Bruno*, res. el 21 de enero de 2000, 2000 TSPR ___, 150 D.P.R. ____ (2000), 2000 JTS 30; *In re: Escalona Colón*, res. el 29 de diciembre de 1999, 99 TSPR 193, 149 D.P.R. ___, 2000 JTS 12; *In re: Rodríguez Servera*, res. el 10 de noviembre de 1999, 99 TSPR 192, 149 D.P.R. ___, 2000 JTS 2.

A la misma conclusión hemos llegado cuando los abogados exhiben indiferencia a los requerimientos del Procurador General relacionados con la investigación de una querella. *In re: Rodríguez Servera*, supra.

Repetidamente hemos condenado este tipo de conducta; así también, hemos dejado claro que no aceptaremos dicha conducta y que la misma acarrea severas sanciones. *In re: Escalona Colón*, supra; *In re: Rodríguez Servera*, supra.

El menosprecio y la inobservancia del querellado a la resolución de este Tribunal y al requerimiento del Procurador General demuestran su

desinterés hacia las obligaciones básicas de esta profesión, así como su craso desconocimiento de nuestras expresiones y su contumacia.

Estas razones nos obligan a suspender indefinidamente, con vigencia inmediata, al licenciado Rosado Martínez del ejercicio de la abogacía. El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal que cumplió con lo antes señalado.

Por los fundamentos antes expuestos, se dictará sentencia suspendiendo inmediata e indefinidamente al licenciado Rosado Martínez del ejercicio de la abogacía hasta que cumpla con nuestra resolución del 29 de septiembre de 1999 y hasta que otra cosa disponga este Tribunal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José M. Rosado Martínez                    AB-1999-102

SENTENCIA

San Juan, Puerto Rico, a 27 de marzo de 2000.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se suspende inmediata e indefinidamente al Lcdo. José M. Rosado Martínez del ejercicio de la práctica de la abogacía hasta que cumpla con nuestra resolución del 29 de septiembre de 1999 y hasta que otra cosa disponga este Tribunal.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal que cumplió con lo antes señalado.

El alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo