EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Hernán Cintrón Cruz | Queja<br><br>2002 TSPR 6<br><br>156 DPR _____ |

Número del Caso: AB-2000-162


Fecha: 31/octubre/2001


Oficina del Procurador General:
Lcda. María Astrid Hernández Martín
Procuradora General Auxiliar


Abogado de la Parte Querellada:
Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 17 de enero de 2002, fecha en que se le notificó al abogado el Per Curiam y Sentencia)



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Hernán Cintrón Cruz

                    AB-2000-162

PER CURIAM

San Juan, Puerto Rico, a 31 de octubre de 2001

El 9 de noviembre de 2000, la Sra. Eugenia Rodríguez Berríos presentó una querella ante este Tribunal alegando que el Lcdo. Hernán Cintrón Cruz, después de haberle formulado ante el Tribunal de Primera Instancia una declaratoria de herederos, se comprometió a otorgar ciertas escrituras a favor de la Sra. Rodríguez Berríos. Según su queja, ésta no ha sabido más de él ni de las escrituras, a pesar de haber pagado los honorarios pactados.

Conforme la Regla 14(c) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, R. 14(c), el día 8 de diciembre de 2000, la Secretaria de este Tribunal notificó al Lcdo. Cintrón Cruz de la

queja presentada en su contra. Le requirió que compareciera dentro del término de 10 días con comentarios escritos sobre la misma y que notificara dichos comentarios a la Sra. Rodríguez Berríos dentro de dicho término. El mencionado abogado hizo caso omiso de dicho requerimiento.

Conforme al trámite reglamentario, la Secretaria refirió el asunto a la Oficina del Procurador General para la investigación e informe correspondientes. 4 L.P.R.A. Ap. XXI-A, R. 14(d).

Mediante carta enviada el 17 de enero de 2001, y facsímil enviado el 2 de febrero de 2001, el Procurador General solicitó al Lcdo. Cintrón Cruz que compareciera por escrito ante su oficina, para poder rendir su Informe de acuerdo a las disposiciones de la Regla 14(d) del Reglamento del Tribunal Supremo. Para el 9 de febrero de 2001, un día después de vencido el término de treinta días dispuesto en las Regla 14(d), el Procurador General presentó ante nos una moción informativa solicitando de esta Curia ordenar la comparecencia del querellado ante dicho funcionario para poder rendir el mencionado informe.

El 22 de febrero de 2001, se notificó a éste nuestra resolución de 21 de febrero de 2001, mediante correo certificado con acuse de recibo. En la misma concedimos al Lcdo. Cintrón Cruz un término de diez (10) días a partir de su notificación, para responder por escrito a los requerimientos del Procurador General y certificar simultáneamente su comparecencia ante este Tribunal.

El 22 de febrero de 2001, el Procurador General presentó una nueva moción informativa en la cual señaló no haberse podido comunicar con el Lcdo. Cintrón Cruz. Informó que la comunicación que le enviaran por correo certificado con acuse de recibo fue devuelta luego de dos intentos de entrega por el correo, a pesar de que la dirección contenida en su expediente es la misma que las direcciones contenidas en los expedientes del abogado en la Secretaría de este Tribunal y en el Colegio de Abogados. Por tal razón, según surge del expediente, el 7 de marzo de 2001 a la 1:35 de la tarde, se le entregó personalmente en dicha dirección, una copia de nuestra resolución del 21 de febrero de 2001, al Lcdo. Cintrón Cruz.

Posteriormente, el 24 de marzo de 2001, éste presentó una moción titulada "Contestación al Escrito del Procurador General". Sin embargo, esta moción se refería a la representación legal ofrecida, en otro asunto, a la Sra. Margarita Rosario Galarza, persona que no es la parte querellante en este caso. Al percatarse del error, el Lcdo. Cintrón Cruz presentó una nueva moción en la cual aceptó la comisión del error y solicita que se "acepte la información sometida y disculpe al abogado que suscribe, permitiéndole que presente la contestación a la queja que presentó la Sra. Eugenia Rodríguez Berríos."

Cinco días después, el licenciado querellado presentó escrito titulado "Contestación a la Queja sometida por Doña Eugenia Rodríguez Berríos" en cual alegó que asumió la representación legal de la Sra. Rodríguez Berríos para tramitar la Declaratoria de Herederos de su esposo, don Pedro Martínez Gracia. El causante falleció intestado, con una hermana sobreviviente y 18 sobrinos. El 25 de agosto de 1997, el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió Resolución declarando herederos a su hermana sobreviviente, los 18 sobrinos y a los hijos de un sobrino fallecido. El abogado querellado solicitó del Tribunal de Primera Instancia una enmienda a la declaratoria de herederos por no proceder en derecho declarar herederos a los hijos de un sobrino del causante. No fue hasta el 23 de noviembre de 1999, cuando el foro de primera instancia emitió una resolución enmendada luego de una vista al efecto. Una vez obtenida la declaratoria de herederos, el Lcdo. Cintrón Cruz negoció con todos los herederos la cesión de la participación hereditaria de cada uno de ellos a favor de la Sra. Rodríguez Berríos. Solicitó además, las respectivas planillas del caudal relicto y de la donación. Según el abogado querellado, para la fecha de la dicha contestación sólo restaba presentar en el Registro de la Propiedad la instancia y las correspondientes escrituras de cesión. En fin, el Lcdo. Cintrón Cruz se comprometió a presentar para su inscripción todos los documentos necesarios en o antes del 15 de abril de 2001 y de mantener a este Tribunal informado de sus gestiones.

En vista de tal contestación, el 11 de abril de 2001 emitimos una resolución en la que ordenamos al Procurador General a presentar el correspondiente informe dentro de un término de diez días. Éste compareció mediante moción informativa en la cual informó no poder rendir el informe dentro del mencionado término ya que no pudo comunicarse con el querellado después de haber llamado al número de teléfono que surge de la contestación que éste presentó y haber dejado dos (2) mensajes en la máquina grabadora en los cuales se explicaba el propósito de verificar el cumplimiento de la obligación de presentar al Registro de la Propiedad la instancia y las escrituras correspondientes en o antes del 15 de abril de 2001. Por tanto, solicitó de este Tribunal que ordenara al querellado evidenciar el cumplimiento de su obligación hacia la querellante, doña Eugenia Rodríguez Berríos.

El 8 de mayo de este año, mediante Resolución notificada el 8 de mayo, ordenamos al Lcdo. Hernán Cintrón Cruz a expresarse, dentro del término de veinte (20) días, sobre la moción informativa presentada por el Procurador General. El querellado no compareció. En virtud de tal incumplimiento, mediante una segunda Resolución dictada el 28 de junio de 2001, concedimos al abogado querellado un término adicional de diez (10) días para cumplir con nuestra resolución anterior. En ella apercibimos al Lcdo. Hernán Cintrón Cruz que el incumplimiento con lo allí dispuesto podría acarrear sanciones disciplinarias. Hasta el día de hoy, el abogado querellado, ha hecho caso omiso de estas últimas dos resoluciones. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

En este momento reiteramos la consabida norma de que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, en particular cuando se trate de una queja presentada en su contra, independientemente de sus méritos. Después de todo, es su deber responder con diligencia." In re: Melecio Morales, 144 D.P.R. 824, 826 (1998); In re: Pérez Bernabé, 133 D.P.R. 361 (1993). Véase además, In re: Figueroa Carrasquillo, res. el 9 de enero de 2001, 2001 TSPR

11; In Re: Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192; In re: López López, res. el 12 de agosto de 1999, 99 TSPR 126.

De igual forma, hemos sido enérgicos al señalar que no toleraremos la incomprensible negativa de un miembro de nuestro Foro en cumplir con las órdenes de este Tribunal. **La falta de justificación o indiferencia de un abogado en responder a nuestras órdenes en la esfera disciplinaria, acarrea severas sanciones**. In re: Figueroa Carrasquillo, supra; In Re: Rodríguez Servera, supra; In re: Melecio Morales, supra; In re: Pérez Bernabé; In re: Nicot Santana, 129 D.P.R. 717 (1992). Igual conclusión se impone cuando los abogados demuestran indiferencia desmedida hacia las comunicaciones del Procurador General relacionadas con investigaciones disciplinarias. In re: Rodríguez Servera, supra.

La conducta del licenciado Hernán Cintrón Cruz respecto a las dos Órdenes de este Tribunal y con los requerimientos del Procurador General, revela una total indiferencia que raya en la contumaz desobediencia a nuestra autoridad, incumpliendo de tal modo las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Ello acarrea el ejercicio de nuestra facultad disciplinaria.

Por ello, se suspenderá indefinidamente al Lcdo. Hernán Cintrón Cruz del ejercicio de la abogacía.

El Lcdo. Hernán Cintrón Cruz deberá notificar a todos sus clientes su presente inhabilidad de seguir representándolos y devolver los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente su suspensión a los foros judiciales y administrativos donde tenga algún caso pendiente. Por último, dentro del término de treinta (30) días, deberá certificar ante este Tribunal el cumplimiento de éstos deberes y notificar también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hernán Cintrón Cruz

AB-2000-162

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión inmediata e indefinida del Lcdo. Hernán Cintrón Cruz del ejercicio de la profesión de abogado. Se le impone el deber de notificar a todos sus clientes de la presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos, Deberá además, certificar al Tribunal dentro del término de treinta (30) días a partir de la notificación de la presente, el cumplimiento de estos deberes, notificando también al Procurador General de Puerto Rico.

El Alguacil de este Tribunal se incautará de inmediato de la obra y sello notarial del Lcdo. Hernán Cintrón Cruz, luego de lo cual los entregará a la Directora de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo