EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Wendy Lind Casado | 2005 TSPR 57<br><br>163 DPR _____ |

Número del Caso: AB-2004-0245

Fecha: 8 de abril de 2005

Abogado de la Peticionaria:

Por derecho propio

Colegio de Abogados de Puerto Rico:

Antonio Arraiza Miranda
Presidente Comisión de Ética

Lcda. Milagros Martínez Mercado

Materia: Conducta Profesional
(La suspensión será efectiva el 26 de abril de 2005
fecha en que se le notificó a la abogada de su
suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wendy Lind Casado          AB-2004-245    Queja

PER CURIAM

San Juan, Puerto Rico, a 8 de abril de 2005.

Una vez más nos vemos obligados a sancionar a una abogada por ignorar los requerimientos del foro que investiga una queja en su contra y por incumplir nuestras órdenes.

I.

Allá para el 17 de mayo de 2004, el Sr. Juan Betancourt Guzmán radicó una queja en contra de la Lcda. Wendy Lind Casado ante la Comisión de Ética del Colegio de Abogados. El oficial investigador de dicha comisión a cargo del caso, Lcdo. Ángel N. Candelario Cáliz,[1] le envió una carta por correo certificado a la Lcda. Lind Casado notificándole de

_____

[1] Posteriormente sustituido por la Lcda. Milagros Martínez Mercado.

la queja y concediéndole veinte (20) días para que se expresara. Transcurrido el término sin recibir comunicación alguna de la Lcda. Lind Casado, el oficial investigador le concedió diez (10) días adicionales para que dejara saber su posición.

Poco después de enviar esa segunda carta, aunque con fecha anterior a ella, se recibió en el Colegio de Abogados una solicitud de prórroga de la Lcda. Lind Casado. Adujo que no le había sido posible localizar la información del caso al que se refería la queja puesto que éste había tenido su inicio unos nueve a diez años antes. Además, expresó que era necesario el término adicional porque durante el mes siguiente iba a estar fuera de Puerto Rico.

El oficial investigador accedió a la solicitud y concedió una prórroga de cuarenta y cinco (45) días. Sin embargo, la Lcda. Lind Casado no expresó su posición en cuanto a la queja dentro de dicho plazo.

Transcurridos dos meses después de que finalizara el periodo de prórroga y sin tener noticia alguna de la Lcda. Lind Casado, la Comisión de Ética del Colegio de Abogados compareció ante nos a informarnos de la situación y del impedimento que ella suponía para tramitar la queja. El 17 de noviembre de 2004 emitimos una Resolución concediéndole un término de diez (10) días a la Lcda. Lind Casado para que

compareciera ante el Colegio de Abogados y respondiese a los requerimientos de éste. Añadimos que dentro de ese mismo plazo debía comparecer ante este Tribunal y expresar las razones por las cuales no debía ser disciplinada por su incomparecencia ante el Colegio. Además, le apercibimos que el incumplimiento con nuestra Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

A pesar de que nuestra Resolución fue notificada personalmente a la Lcda. Lind Casado el 2 de diciembre de 2004, al día de hoy la abogada no ha comparecido.

## II.

En el pasado hemos expresado claramente que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. In re: López López, 149 DPR 82, 84 (1999). De igual forma, en reiteradas ocasiones hemos resuelto que los abogados vienen obligados a responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra. In re: Negrón Negrón, 2005 TSPR 5, res. el 27 de diciembre de 2004, In re: Pérez Arroyo, 2003 TSPR 164, res. el 3 de noviembre de 2003, In re: Cintrón Cruz, 2002 TSPR 6, res. el 31 de octubre de 2001. El incumplimiento con estos deberes tiene un efecto disruptivo sobre nuestra función reguladora. In re:

Guemárez Santiago, 146 DPR 27, 29 (1998), In re: Ríos Acosta, 143 DPR 128, 135 (1997).

La naturaleza de las funciones de un abogado u abogada requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, en especial cuando se trata de conducta profesional. In re: Colón Torres, 129 DPR 490, 493-494 (1991). Al faltar a esa obligación y desatender nuestras órdenes en el curso de un procedimiento disciplinario, el abogado u abogada revela una gran fisura en el buen carácter que debe exhibir todo miembro de la clase togada. Tal actitud implica falta de disciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este foro y, por tanto, no tiene cabida en la profesión legal puertorriqueña. In re: Escalona Colón, 149 DPR 900, 901 (1999), In re: Salichs Martínez, 131 DPR 481, 490 (1992). De ahí que hayamos sido enfáticos en que la indiferencia de los abogados hacia las órdenes de este Tribunal acarrea la imposición de sanciones disciplinarias severas. In re: Negrón Negrón, *supra*, In re: Pérez Arroyo, *supra*, In re: López López, *supra,* In re: Ríos Acosta, 139 DPR 359, 360, (1995), In re: Arroyo Rivera, 148 DPR 354, 358 (1999).

III.

La Lcda. Lind Casado fue notificada oportunamente de que se había presentado una queja en su contra. No se aprestó a

contestar dicha queja sino que, por el contrario, pidió una prórroga y luego no se comunico más con el Colegio de Abogados. Meses después, y tras notificársele nuestra Resolución ordenándole que compareciera tanto ante el Colegio de Abogados como ante nosotros, la Lcda. Lind Casado persistió en guardar total silencio e ignorar nuestros requerimientos. Dicha actuación demuestra un total desinterés de parte la Lcda. Lind Casado en observar las normas éticas de nuestra profesión. Por ello, y  según le apercibimos en nuestra Resolución de 17 de noviembre de 2004, procede su suspensión inmediata e indefinida de la abogacía.

Se le impone el deber de notificar a todos sus clientes de su suspensión y consiguiente inhabilidad para continuar representándolos. Deberá también devolverles sus expedientes y los honorarios correspondientes a trabajos no realizados. Además, deberá notificar oportunamente su suspensión a los distintos foros judiciales y administrativos del país. Por último, deberá certificar a este Tribunal el cumplimiento de estos deberes dentro del término de treinta (30) días, notificando también al Procurador General de Puerto Rico.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial de la abogada suspendida para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wendy Lind Casado                 AB-2004-245        Queja

SENTENCIA

San Juan, Puerto Rico, a 8 de abril de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida de Wendy Lind Casado del ejercicio de la profesión de abogada. Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para continuar representándolos y de devolverles sus expedientes y cualesquiera honorarios recibidos por trabajo no realizado. Además, deberá informar de su suspensión a los foros administrativos y judiciales del país. Dentro del término de treinta (30) días a partir de la notificación de la presente, deberá también certificar al Tribunal el cumplimiento de estos deberes, notificando también al Procurador General de Puerto Rico.

El Alguacil de este Tribunal se incautará de inmediato de la obra y sello notarial de Wendy Lind Casado, luego de lo cual los entregará a la Directora de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo